United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Martin Kuntz and Steve Binns, Plaintiffs, | ) )  ) |
| v. | ) ) ) |
| Knauf GIPS, KG, and Knauf Plasterboard (Tianjin) Co., Ltd., Defendants. | ) ) ) ) |

Civil Action No. 21-24213-Civ-Scola

### Amended Scheduling Order and Order of Referral to Mediation

This matter is before the Court upon an independent review of the record. Having considered the parties' joint status report (ECF No. 41 in Case No. 21-24168), the Court resets this action and all Related Cases[1] for trial during the two-week trial period beginning on **December 5, 2022**. Calendar call will be held at 9:00 a.m. on the preceding **Tuesday, November 29, 2022**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

Relatedly, the Court **denies as moot** the Defendants' motion for a status conference (ECF No. 26 in Case No. 21-cv-24168), which concerned the previous scheduling order.

1. The parties must comply with the following schedule, which applies to all Related Cases individually:

| Passed | Deadline to join additional parties or to amend pleadings. |
|---|---|
| June 7, 2022 | Deadline to file a global joint interim status report that concerns all Related Cases in the docket of Case No. 21-cv-24168. |
| June 7, 2022 | Deadline to file, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order), a |

---

[1] The "Related Cases" are: Case No. 21-cv-24168-RNS; Case No. 21-cv-24171-RNS; Case No. 21-cv-24172-RNS; Case No. 21-cv-24179-RNS; Case No. 21-cv-24181-RNS; Case No. 21-cv-24186-RNS; Case No. 21-cv-24188-RNS; Case No. 21-cv-24191-RNS; Case No. 21-cv-24192-RNS; Case No. 21-cv-24196-RNS; Case No. 21-cv-24200-RNS; Case No. 21-cv-24201-RNS; Case No. 21-cv-24202-RNS; Case No. 21-cv-24204-RNS; Case No. 21-cv-24206-RNS; Case No. 21-cv-24208-RNS; Case No. 21-cv-24210-RNS; Case No. 21-cv-24211-RNS; Case No. 21-cv-24213-RNS; Case Docket 21-cv-24214-RNS; Case No. 21-cv-24216-RNS; Case No. 21-cv-24215-RNS; Case No. 21-cv-24217-RNS.

| | |
|---|---|
| | single Proposed Order Scheduling Mediations for all Related Cases in the docket of Case No. 21-cv-24168, setting forth therein the name of the mediator(s), the date(s), time(s), and location(s) of the mediation(s), with the corresponding Related Case(s) to be mediated on such date(s) and time(s). This proposed order must also be sent to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc). |
| July 12, 2022 | Deadline to submit a global joint notice in the docket of Case No. 21-cv-24168 indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition for certain, all, or none of the Related Cases. |
| Passed | Deadline to complete all fact discovery. <br><br> Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). <br><br> (When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See*, *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).) |
| August 9, 2022 | Deadline for the filing of all dispositive motions in all Related Cases. The parties may **only** file the dispositive motions that the MDL Court denied without prejudice. (*See* ECF No. 41 at 5-17 in Case No. 21-cv-24168.) The parties may **not** file dispositive motions that were not filed before the MDL Court. <br><br> To the extent there are issues common to all dispositive motions in the Related Cases, those must be raised in only **one** motion that is to be filed in the docket of Case No. 21-cv-24168. Where there are issues common to more than one Related Case but fewer than all, a consolidated motion should be filed in the lowest-numbered case with the motion listing all the other Related Cases to which it applies. Where there are any issues particular to a Related Case, the parties may file a motion raising those particular issues only in the docket of the Related Case. Any opposition or reply briefs must also be filed in the manner described herein. <br><br> Deadline for the parties to file (a) **joint statement(s) of undisputed material facts** and their individual statements of |

| | |
|---|---|
| | material facts for any facts not covered by the joint statement(s) of undisputed material facts. Both the joint statement(s) and the individual statements of material facts must be filed in the same manner as the motions for summary judgment. |
| July 26, 2022 | Deadline to complete mediation(s) of all Related Cases, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| Passed | Deadline to complete all expert discovery. |
| October 4, 2022 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. To the extent there are issues common to all pretrial motions in the Related Cases, those must be raised in only **one** motion that is to be filed in the docket of Case No. 21-cv-24168. Where there are pretrial issues common to more than one Related Case but fewer than all, a consolidated motion should be filed in the lowest-numbered case with the motion listing all the other Related Cases to which it applies. Where there are any pretrial issues particular to a Related Case, the parties may file a motion raising those particular issues only in the docket of the Related Case. Any opposition or reply briefs must also be filed in the manner described herein. |
| November 7, 2022 | Deadline to file joint pretrial stipulations under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). To the extent there are stipulations or disclosures common to all the Related Cases, those must be submitted only in **one** document that is to be filed in the docket of Case No. 21-cv-24168. Where there are stipulations or disclosures common to more than one Related Case but fewer than all, a consolidated document should be filed in the lowest-numbered case with the document listing all the other Related Cases to which it applies. Where there are any stipulations or disclosures particular to a Related Case, the parties may file a document raising those particular stipulations only in the docket of the Related Case. |
| November 21, 2022 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k) for each Related Case. To the extent there are proposed jury instructions or proposed findings of fact common to all the Related Cases, those must be submitted only in **one** document that is to be filed in the docket of Case |

|  | No. 21-cv-24168. Where there are proposed jury instructions or proposed findings of fact common to more than one Related Case but fewer than all, a consolidated document should be filed in the lowest-numbered case with the document listing all the other Related Cases to which it applies. Where there are any proposed jury instructions or proposed findings of fact particular to a Related Case, the parties may file a document raising those particular stipulations only in the docket of the Related Case. |
|---|---|

2. <u>Interim Joint Status Report</u>. The parties are required to submit **one** global interim joint status report in the docket of Case No. 21-cv-24168 that covers all Related Cases and addresses the following issues:

   a) Have the parties agreed on and selected mediator(s)? Have the parties agreed upon a place, date, and time for mediation(s)? Have the parties agreed on the format for the mediation(s) of all Related Cases? If so, specify the format. If not, explain proposed formats. Note each of the Related Cases must be mediated in a meaningful manner.

   b) Have the parties engaged in informal settlement negotiations in any of the Related Cases? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations for each Related Case (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

   c) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

   d) Are there any Related Cases that the parties envision will be tried together? If so, specify which.

   e) Are there any issues in any of the Related Cases that will be tried together? If so, specify which issues and which Related Cases they apply to.

   f) Are there any Related Cases that require additional time to prepare for trial? If so, specify which, explain the reasons therefor and file a proposed revised scheduling order with a copy to scola@flsd.uscourts.gov in Word (.doc) format.

   g) Do the parties have any proposals on how to try the Related Cases efficiently?

3. <u>References to documents in summary-judgment motions</u>. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

4. <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion that is particular to a Related Case; that is, without counting any consolidated or global motions as described above. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

5. <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

6. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial for each Related Case. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

7. <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing in the docket for the Related Case. The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-

designations. Desposition designations should only be used for witnesses who will certainly be unavailable to testify at trial.

8. <u>Voir Dire Questions</u>. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulations—following the same pattern for submission described above for the joint pretrial stipulations—and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

9. <u>Notification of juror misconduct</u>. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

10. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before United States Magistrate Judge Jonathan Goodman for all or less than all of the Related Cases directly into the corresponding docket(s). The Court encourages the parties to consider confidential settlement conferences with Judge Goodman, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

11. <u>Settlement Notification</u>. If any Related Case is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**Done and ordered** at Miami, Florida on April 12, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

[*Order of Referral to Mediation on following page*]

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Martin Kuntz and Steve Binns, Plaintiffs, <br><br> v. <br><br> Knauf GIPS, KG, and Knauf Plasterboard (Tianjin) Co., Ltd., Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-24213-Civ-Scola |

**Order of Referral to Mediation**

Trial having been set in this matter and in each of the Related Cases[1], pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is **ordered and adjudged** as follows:

1. All parties in this and each Related Case are required to participate in mediation. The Court defers to the parties on how to conduct their mediations but notes that a singular, global mediation that does not allow for meaningful discussions concerning the merits of each Related Case does not comport with this order. The parties must conduct their mediations in each Related Case no later than the deadline set out in the Court's Scheduling Order.

2. The Court designates Plaintiff's counsel as *lead counsel* for purposes of this mediation order in all Related Cases. Upon written agreement by all counsel of record and any unrepresented parties in a particular Related Case, the parties may designate a different attorney to be *lead counsel* for purposes of this mediation order in that Related Case. Lead counsel is responsible for scheduling the mediation conference.

3. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties must agree upon a mediator within 60 days from the date of this Order. If there is no agreement, lead counsel must promptly notify the Clerk of the Court in writing and the Clerk of the Court will designate a mediator from the List of Certified Mediators. That designation will be made on a blind rotation basis.

---

[1] The "Related Cases" are: Case No. 21-cv-24168-RNS; Case No. 21-cv-24171-RNS; Case No. 21-cv-24172-RNS; Case No. 21-cv-24179-RNS; Case No. 21-cv-24181-RNS; Case No. 21-cv-24186-RNS; Case No. 21-cv-24188-RNS; Case No. 21-cv-24191-RNS; Case No. 21-cv-24192-RNS; Case No. 21-cv-24196-RNS; Case No. 21-cv-24200-RNS; Case No. 21-cv-24201-RNS; Case No. 21-cv-24202-RNS; Case No. 21-cv-24204-RNS; Case No. 21-cv-24206-RNS; Case No. 21-cv-24208-RNS; Case No. 21-cv-24210-RNS; Case No. 21-cv-24211-RNS; Case No. 21-cv-24213-RNS; Case Dock. 21-cv-24214-RNS; Case No. 21-cv-24216-RNS; Case No. 21-cv-24215-RNS; Case No. 21-cv-24217-RNS.

4. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties must be established no later than the deadline in the Scheduling Order for each Related Case. Lead counsel must complete the attached form *Order Scheduling Mediation* and submit it to the Court per the instructions provided in the Scheduling Order.

5. The following applies in the mediation of each Related Case: pursuant to Local Rule 16.2(e), the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, must attend.

6. All proceedings of the mediation will be confidential and privileged.

7. At least 14 days prior to the mediation date(s), each party must present to the mediator a confidential brief written summary of the relevant Related Case(s) identifying issues to be resolved. The mediator is authorized to grant extensions of time up to the mediation for the parties to file their mediation statements.

8. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements in this Order, or who otherwise violate the terms of this Order. The mediator must report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

9. The mediator must be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation must be shared equally by the parties unless otherwise ordered by the Court. All payments must be remitted to the mediator within 45 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours of mediation.

10. If a full or partial settlement is reached in any Related Case case, counsel must promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement directly into the Related Case's docket, signed by counsel of record within 14 days of the mediation conference. Thereafter the parties must promptly submit an appropriate pleading concluding the case in the docket of the corresponding Related Case.

11. Within seven days following the mediation conference, the mediator must file (a) Mediation Report(s) for each mediation conducted indicating whether all required parties were present. The report must also

indicate whether any Related Case settled (in full or in part), was adjourned, or whether the mediator declared an impasse. **If the mediator fails to file a Mediation Report within seven days following a mediation conference, lead counsel must file a Mediation Report within 14 days of such mediation conference.**

12. If mediation is not conducted in conformity with this order, the case that was not mediated may be stricken from the trial calendar, and other sanctions may be imposed.

**Done and ordered** at Miami, Florida on April 12, 2022.

Robert N. Scola, Jr.
United States District Judge

**Attachment "A" to the Order Of Referral To Mediation:**
**Form Order Scheduling Mediation**

United States District Court
for the
Southern District of Florida

_____, Plaintiff )
)
v. ) Civil Action No. _____-Civ-Scola
)
_____, Defendant )

**Order Scheduling Mediation**

The parties will hold the mediation conference in this matter before (mediator) on (date) at (time) at (location). The mediator and the parties have agreed to this date. The parties may not reschedule the mediation without leave of the Court.

**Done and ordered** in chambers, at Miami, Florida, on _____.

_____
Robert N. Scola, Jr.
United States District Judge